UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TO YOUR DOOR MEDICAL, INC.,

       Plaintiff,

v.                                                  Case No.

SHAMROCK MARKETING CO., INC.,

       Defendant.

                                                  /

**DEFENDANT SHAMROCK MARKETING CO., INC.'S NOTICE OF REMOVAL**

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

TO YOUR DOOR MEDICAL, INC.,
a Foreign Profit Corporation,

    Plaintiff,

vs.

SHAMROCK MARKETING CO.,
INC., a California Profit Corporation,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, TO YOUR DOOR MEDICAL, INC. (hereinafter referred to as the "Plaintiff"), by and through their undersigned attorneys, sues the Defendant, SHAMROCK MARKETING CO., INC. (hereinafter referred to as the "Defendant"), and hereby alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00) exclusive of interest, attorney's fees and costs.

2. Venue is appropriate in Broward County, Florida as the causes of action asserted in this matter accrued in Broward County, Florida.

3. The Court has general personal jurisdiction over the Defendant, who is engaging in significant business within Broward County, Florida.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a Delaware corporation and foreign profit corporation registered in the State of Florida engaging in substantial and not isolated business activity in Broward County, Florida.

5. At all times material hereto, Defendant was and continues to be a California corporation engaging in substantial and not isolated business activity in Broward County, Florida.

## FACTUAL ALLEGATIONS

6. In the year 2000, Plaintiff's sister company began purchasing Shamrock brand medical gloves directly from the Defendant with no restrictions on resale. Plaintiff purchased the Shamrock branded medical gloves from its affiliated sister company.

7. On or about February 10, 2017, Plaintiff began selling, through a store front on Amazon.com, various medical products including gloves, gowns, etc.

8. On or about March 13, 2021, Plaintiff received a complaint of infringement from Amazon.com alleging that Plaintiff was selling counterfeit Shamrock brand medical gloves. This complaint was an intentional and unjustifiable false claim made by Defendant against Plaintiff in an effort to deactivate Plaintiff's store front and causing Plaintiff substantial damages.

9. Plaintiff submitted to Amazon.com proof that the product Plaintiff was selling was purchased from the Defendant, however, Amazon.com required additional information including a Letter of Authenticity and a Letter of Authorization submitted by the Defendant directly to Amazon.com for Plaintiff to continue selling in its store front.

10. On or about April 12, 2021, Plaintiff's counsel provided a Letter of Authenticity and a Letter of Authorization for Defendant to execute and deliver to Amazon.com. To date, those letters were never submitted to Amazon.com.

11. On or about April 8, 2021, Defendant's counsel sent a communication to Plaintiff's counsel stating that Plaintiff could sell its remaining Shamrock inventory located at the Amazon warehouse as long as Plaintiff price matched Defendant's current selling price on Amazon.com. If Plaintiff complied, Defendant would withdraw its complaint of counterfeit goods. (See Email attached hereto as Exhibit "A").

12. On or about March 26, 2021, Plaintiff received a notification from Amazon.com that its seller account was deactivated.

13. As a result of Defendant's conduct, Plaintiff had to engage a company to intervene on its behalf to determine actions necessary to re-activate Plaintiff's Amazon store front.

14. Further, in addition to Shamrock branded gloves, Plaintiff sold other products that were not Shamrock products. As a direct result of Defendant's "infringement" complaint, Plaintiff is no longer able to maintain a store front on Amazon.com interfering with Plaintiff's ability to sell any products including non-Shamrock branded products on Amazaon.com's world-wide marketplace.

15. The Plaintiff has retained CBR LAW GROUP, LLLP to represent it in this action and has agreed to pay reasonable attorney's fees and costs for this representation.

## COUNT I – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

16. Plaintiff re-alleges, re-adopts and re-incorporates Paragraphs 1 through 15 as if set forth fully herein.

17. In order to state a cause of action for tortious interference with a business relationship, a plaintiff must establish

> "1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights, 2) the defendant's knowledge of the relationship, 3) an intentional and unjustified interference with the relationship by the defendant which induces or

otherwise causes the third person not to perform, and 4) damage to the plaintiff resulting from the third person's failure to perform." *DNA Sports Performance Lab, Inc. v. Club Atlantis Condominium Association, Inc.*, 219 So.3d 107, 110 (Fla. 3rd DCA 2017).

18. At all times material hereto, Plaintiff had a profitable business relationship with Amazon.com selling various medical products, including but not limited to, Shamrock branded gloves.

19. Defendant had been selling Shamrock branded medical gloves to the Plaintiff's affiliated sister company since at least 2000 and Defendant had knowledge or should have had knowledge that Plaintiff sold Defendant's gloves.

20. In March 2021, Defendant intentionally and unjustifiably interfered with Plaintiff's business relationship with Amazon.com by falsely claiming that Plaintiff's Shamrock branded gloves were counterfeit causing Amazon.com to deactivate Plaintiff's Amazon store front.

21. Plaintiff has incurred substantial damages as a result of Amazon.com's deactivation of Plaintiff's storefront including lost inventory, lost sales, loss of reputation and credibility, lost goodwill and lost customer base.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, pre-judgment interest, and any such other relief the Court deems proper and just under the circumstances.

## COUNT II – VIOLATION OF THE SHERMAN ACT RESTRAINT OF TRADE PROVISIONS

22. Plaintiff re-alleges, re-adopts and re-incorporates Paragraphs 1 through 15 as if set forth fully herein.

23. Pursuant to 15 U.S.C. §1, it is an illegal restraint of trade when (a) there is an agreement or mutual understanding, (b) that is an unreasonable restraint of trade (i.e., price fixing), and (c) affecting interstate commerce or international commerce.

24. After Plaintiff's store front was deactivated by Amazon.com, counsel for the Defendant tried to reach an agreement with Plaintiff allowing Plaintiff to continue selling Shamrock branded gloves as long as Plaintiff sold those gloves at a price point equal to or higher than that of the Defendant. Defendant's efforts to coerce Plaintiff into altering its pricing of Shamrock branded medical gloves is an unlawful direct violation of anti-trust law.

25. Amazon.com is a world-wide marketplace affecting both interstate and international commerce.

26. Pursuant to 15 U.S.C. §15, Plaintiff is entitled to attorney's fees and costs should it prevail in the instant litigation.

27. Pursuant to 15 U.S.C. §26, Plaintiff is entitled to a temporary injunction based on a danger of irreparable loss or damage that is immediate. In the instant case, every day that Plaintiff's Amazon.com store front is deactivated causes Plaintiff substantial lost revenue, reputation, market share and goodwill.

**WHEREFORE**, Plaintiff demands judgment against Defendant for treble damages pursuant to 15 U.S.C. §15, attorney's fees and costs pursuant to 15 U.S.C. §15, pre-judgment interest, temporary injunction pursuant to 15 U.S.C. §26 and any such other relief the Court deems proper and just under the circumstances.

### COUNT III – VIOLATION OF THE SHERMAN ACT THROUGH ATTEMPTED MONOPOLIZATION

28. Plaintiff re-alleges, re-adopts and re-incorporates Paragraphs 1 through 15 as if set forth fully herein.

29. Pursuant to 15 U.S.C §2, it is unlawful to attempt to monopolize through (a) anti-competitive conduct, (b) specific intent to monopolize, and (c) a dangerous probability of achieving monopoly power.

30. Defendant intentionally and knowingly engaged in anticompetitive conduct by complaining to Amazon.com that Plaintiff's Shamrock branded gloves were counterfeit although Defendant knew or should have known that the Plaintiff purchased the Shamrock gloves from its affiliated sister company who purchased the gloves directly from the Defendant.

31. After Plaintiff's store front was deactivated by Amazon.com, counsel for the Defendant was willing to allow Plaintiff to continue selling Shamrock branded gloves as long as Plaintiff sold the gloves at a price point equal to or higher than that of the Defendant.

32. It is well-settled law that specific intent to monopolize is not an intention to compete vigorously, it's "a specific intent to destroy competition or build monopoly." *Times-Picayune Publ'g Co. v. United States*, 345 U.S. 594, 626 (1953).

33. Further, by setting the prices for Shamrock branded gloves on Amazon.com, Defendant had a dangerous probability of creating a monopoly on Amazon.com one of the world's largest on-line markets.

34. A dangerous probability requires evaluation of "the relevant market and the defendant's ability to lessen or destroy competition in that market." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

35. Defendant is one of Amazon.com's leading sellers of Shamrock branded gloves, as such, if Defendant can force competitors to sell those specific gloves at a certain price or higher through Defendant's ability to falsely complain to Amazon.com, Defendant lessens or destroys Plaintiff's ability compete in that marketplace.

36. Pursuant to 15 U.S.C. §15, Plaintiff is entitled to attorney's fees and costs should it prevail in the instant litigation.

37. Pursuant to 15 U.S.C. §26, Plaintiff is entitled to a temporary injunction based on a danger of irreparable loss or damage that is immediate. In the instant case, every day that Plaintiff's Amazon.com store front is deactivated causes Plaintiff substantial lost revenue, reputation, market share and goodwill.

**WHEREFORE**, Plaintiff demands judgment against Defendant for treble damages pursuant to 15 U.S.C. §15, attorney's fees and costs pursuant to 15 U.S.C. §15, pre-judgment interest, temporary injunction pursuant to 15 U.S.C. §26 and any such other relief the Court deems proper and just under the circumstances.

## COUNT IV – VIOLATION OF FLORIDA ANTITRUST ACT §542.18 RESTRAINT OF TRADE

38. Plaintiff re-alleges, re-adopts and re-incorporates Paragraphs 1 through 15 as if set forth fully herein.

39. Pursuant to Florida Statute §542.18, "every contract, combination or conspiracy in restraint of trade or commerce in this state is unlawful."

40. In March 2021, Defendant intentionally and unjustifiably restrained Plaintiff's ability to sell merchandise on Amazon.com by falsely claiming that Plaintiff's Shamrock branded gloves were counterfeit causing Amazon.com to deactivate Plaintiff's Amazon store front.

41. After Plaintiff's store front was deactivated by Amazon.com, counsel for the Defendant tried to conspire or reach an "agreement" with Plaintiff allowing Plaintiff to continue selling Shamrock branded gloves as long as Plaintiff sold the gloves at a price point equal to or higher than that of the Defendant. Defendant's efforts to coerce Plaintiff into altering its pricing of Shamrock branded medical gloves is an unlawful direct violation of anti-trust law.

42. Amazon.com is a world-wide marketplace selling products throughout the State of Florida.

43. Pursuant to Florida Statutes §542.22, the Plaintiff is entitled to attorney's fess and costs should it prevail in the instant litigation.

44. Pursuant to Florida Statutes §542.23, Plaintiff is entitled to a temporary injunction based on a danger of irreparable loss or damage that is immediate. In the instant case, every day that Plaintiff's Amazon.com store front is deactivated causes Plaintiff substantial lost revenue, reputation, market share and goodwill.

**WHEREFORE**, Plaintiff demands judgment against Defendant for treble damages pursuant to Florida Statutes §542.22, attorney's fees and costs pursuant to Florida Statutes §542.22, pre-judgment interest, temporary injunction pursuant to Florida Statutes §542.23 and any such other relief the Court deems proper and just under the circumstances.

## COUNT V – VIOLATION OF THE FLORIDA ANTITRUST ACT §542.19 ATTEMPTED MONOPOLIZATION

45. Plaintiff re-alleges, re-adopts and re-incorporates Paragraphs 1 through 15 as if set forth fully herein.

46. Pursuant to Florida Statutes §542.19, it is unlawful to attempt to monopolize with another person any part of trade or commerce in this State.

47. For a plaintiff to prevail on a monopoly claim, a plaintiff must establish:

"a. possession of monopoly power in a relevant market,
b. willful acquisition or maintenance of that power in an exclusionary manner, and
c. causal antitrust injury." *Okeelanta Power Limited Partnership v. Florida Power & Light Company*, 766 So.2d 264, 267 (Fla. 4th DCA 2000).

48. Defendant intentionally and knowingly engaged in anticompetitive conduct by complaining to Amazon.com that Plaintiff's Shamrock branded gloves were counterfeit although

Defendant knew or should have known that the Plaintiff purchased the Shamrock gloves from its affiliated sister company who purchased the gloves directly from the Defendant.

49. After Plaintiff's store front was deactivated by Amazon.com, counsel for the Defendant was willing to allow Plaintiff to continue selling Shamrock branded gloves as long as Plaintiff increased the price of the gloves, selling the gloves at a price point equal to or higher than that of the Defendant. Defendant's efforts to coerce Plaintiff into altering its pricing of Shamrock branded medical gloves is an unlawful direct violation of anti-trust law.

50. It is well-settled law that specific intent to monopolize is not an intention to compete vigorously, it's "a specific intent to destroy competition or build monopoly." *Times-Picayune Publ'g Co. v. United States*, 345 U.S. 594, 626 (1953).

51. Further, Defendant setting the prices for Shamrock branded medical gloves on Amazon.com, Defendant had a dangerous probability of creating a monopoly on Amazon.com one of the world's largest on-line markets.

52. A dangerous probability requires evaluation of "the relevant market and the defendant's ability to lessen or destroy competition in that market." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

53. Defendant is one of Amazon.com's leading sellers of Shamrock branded medical gloves, as such, if Defendant can force competitors to sell those particular gloves at a certain price or higher through Defendant's ability to falsely complain to Amazon.com, Defendant lessens or destroys the Plaintiff's ability compete on that marketplace.

54. Pursuant to Florida Statutes §542.22, the Plaintiff is entitled to attorney's fess and costs should it prevail in the instant litigation.

55. Pursuant to Florida Statutes §542.23, Plaintiff is entitled to a temporary injunction based on a danger of irreparable loss or damage that is immediate. In the instant case, every day that Plaintiff's Amazon.com store front is deactivated causes Plaintiff substantial lost revenue, reputation, market share and goodwill.

**WHEREFORE**, Plaintiff demands judgment against Defendant for treble damages pursuant to Florida Statutes §542.22, attorney's fees and costs pursuant to Florida Statutes §542.22, pre-judgment interest, temporary injunction pursuant to Florida Statutes §542.23 and any such other relief the Court deems proper and just under the circumstances.

Dated: May 12, 2021
Boca Raton, FL

Respectfully submitted,

By: /s/ *Donald J. Thomas*
Donald J. Thomas, Esq.
Florida Bar No. 834599
Georgia T. Garnecki, Esq.
Florida Bar No. 068807
CBR LAW GROUP, LLP
165 E. Palmetto Park Road, Ste. 200
Boca Raton, FL 33432
Telephone: 561-609-1515
don@cbrlawgroup.com
georgia@cbrlawgroup.com
paralegal@cbrlawgroup.com

**EXHIBIT "A"**

Georgia Garnecki

| | |
|---|---|
| From: | David C. Hamilton <dhamilton@martensonlaw.com> |
| Sent: | Monday, April 26, 2021 3:06 PM |
| To: | Jesse Oppenheimer |
| Subject: | FW: Shamrock/Glove Store |

**From:** dlp@redchamber.com <dlp@redchamber.com>
**Sent:** Thursday, April 8, 2021 7:48 PM
**To:** David C. Hamilton <dhamilton@martensonlaw.com>
**Subject:** Re: Shamrock/Glove Store

David

1. To Your Door may sell remaining inventory at Amazon warehouse. Price needs to match current Shamrock price of $18.50 per box

2. Glove Store may sell 500-600 cases remaining on its website, but not on Amazon.

3. Shamrock will withdraw complaint.

4. Please send me whatever your think is appropriate to accomplish the foregoing.

David L. Prince
323-234-2989


| | |
|---|---|
| From: | David Prince/Red Chamber |
| To: | dhamilton@martensonlaw.com |
| Date: | 04/02/2021 02:04 PM |
| Subject: | Shamrock/Glove Store |

David
If you provide to me the exact specific complaint filed with Amazon, I will have my client prepare the appropriate withdrawal upon condition the complaining party agrees to no longer sell or offer to sell Shamrock branded products through its online store.
David L. Prince, Esq.
1912 East Vernon Ave., Ste. 100
Los Angeles, CA 90058
323-234-2989

CONFIDENTIALITY NOTE: This e-mail, and any attachment to it, may contain privileged and/or confidential information intended only for the use of the intended recipient of this e-mail. If the reader of this e-mail is not the intended recipient, you are hereby notified that reading, using, or disseminating this e-mail, or any attachment to it, is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by return e-mail and then delete the original and any copies of this e-mail, and any attachments to it, from your system. Thank you.